IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KEVIN PRUITT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:12-CV-242 |
| | ) |
| CHARLES GEE, *et al.*, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This civil action is before the court for consideration of the "Motion for Dismissal" filed by defendant Citizens Bank [doc. 18]. Plaintiffs have filed a response [doc. 20].[1] Oral argument is unnecessary, and the motion is ripe for the court's determination.

Plaintiffs have brought suit for alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime and withhold taxes. For the reasons that follow, the motion will be granted, and Citizens Bank will be dismissed.

---

[1] Attached to plaintiffs' response are two affidavits, one executed by plaintiff Kevin Pruitt and the other by plaintiff Jeffrey Doyle. However, the court will not consider these affidavits nor convert the pending motion to dismiss to one for summary judgment because of their inclusion in the response. "A motion to dismiss is not automatically converted into a motion for summary judgment simply because a party submits exhibits or other materials beyond the pleadings." *Gudenas v. Cervenik*, No. 1:09CV2169, 2010 WL 987699, at *3 (N.D. Ohio Feb. 22, 2010) (citations omitted). "It is well established that a District Court 'has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 1366, at 491-93 (1990) (footnotes omitted)); *see also id*. "Where the court does not rely on such materials, or considers them irrelevant to resolution of the merits of the motion, the court does not err in simply considering the motion as a motion to dismiss." *Id*. (citations omitted). The affidavits submitted by plaintiffs are irrelevant, adding nothing to the legal issue before the court, and the court will not rely on them.

I.

*Background*

According to the complaint, plaintiffs were employed by defendant Charles Gee. Plaintiffs allege that they were not paid overtime and that the employer also failed to withhold required taxes so they were deprived of "the employer's contribution to their Social Security." Apparently, Citizens Bank issued the payroll checks for the employer Gee. Plaintiffs further allege that they were terminated by Gee "because they were whistleblowers by reporting that raw sewage was being discharged by him to the peril of the population of his trailer courts."

II.

*Standard of Review*

Citizens Bank's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570, 556). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

III.

*Analysis*

Plaintiffs have brought this case for relief under the FLSA. Under the FLSA, **employers** are required "to pay their employees time-and-a-half for work performed in excess of forty hours per week." *Acs v. Detroit Edison Co.*, 444 F.3d 763, 764-65 (6th Cir. 2006) (emphasis added) (citations omitted). The employee has the burden of proving "by a preponderance of the evidence that he or she 'performed work for which he [or she] was not properly compensated.'" *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)).

The only allegation in the complaint related to Citizens Bank is at paragraph seven. That paragraph states: "Defendant Citizens Bank participated culpably in the scheme

3

by issuing the check knowing that overtime and the employer's contribution were not being paid." Even taking the allegations in this paragraph as true and in the light most favorable to the plaintiffs, as the court must, *Directv,* 487 F.3d at 476, they do not state a claim against Citizens Bank under the FLSA. There is no allegation that Citizens Bank employed any of the plaintiffs; rather, the complaint states that defendant Charles Gee employed the plaintiffs and failed to pay them overtime and to properly withhold taxes. Thus, there are no allegations in the complaint showing that plaintiffs would have any "entitlement to relief" as to Citizens Bank based upon the FLSA. *Bredesen*, 500 F.3d at 527. Accordingly, no basis for liability exists as to Citizens Bank under the FLSA, and dismissal is appropriate.

IV.

*Conclusion*

Therefore, for the reasons stated herein, the "Motion for Dismissal" filed by Citizens Bank [doc. 18] will be granted, and that defendant will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

4